# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**GREGORY K. SAMUELS,**

        **Plaintiff,**

v.                                                    Case No:  6:18-cv-940-Orl-41GJK

**GQ HOLDING 1329, LLC;**
**MORTGAGE ELECTRONIC SYSTEMS**
**a/k/a MERSCORP; WMC MORTGAGE;**
**FV-I; MORGAN STANLEY; and**
**KONDAUR CAPITAL**
**CORPORATION,**

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (Doc. No. 2)** |
| **FILED:** | **June 15, 2018** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED and the case be DISMISSED with leave to amend the complaint**.

On June 15, 2018, pro se Plaintiff Gregory K. Samuels instituted this action by filing a Complaint against various defendants. Doc. No. 1. On the same date, Plaintiff filed his Application to Proceed in District Court Without Prepaying Fees or Costs (the "Application"). Doc. No. 2.

The United States Congress requires the district court to review a civil complaint filed *in forma pauperis* and dismiss any such complaint that is frivolous, malicious or fails to state a claim. 28 U.S.C. § 1915.[1] The mandatory language of 28 U.S.C. § 1915 applies to all proceedings *in forma pauperis*. Section 1915(e)(2) provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal --
>   (i) is frivolous or malicious;
>   (ii) fails to state a claim on which relief may be granted; or
>   (iii) seeks monetary relief against a defendant who is immune from such relief.

Additionally, under Rule 12(h)(3) of the Federal Rules of Civil Procedure, a district court may at any time, upon motion or sua sponte, act to address the potential lack of subject matter jurisdiction in a case. *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006) (citing *Howard v. Lemmons*, 547 F.2d 290, 290 n.1 (5th Cir. 1977)).[2] "[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). Federal courts are courts of limited jurisdiction; therefore, the Court must inquire into its subject matter jurisdiction, even when a party has not challenged it. *Id.*

The Local Rules of the United States District Court for the Middle District of Florida also govern proceedings *in forma pauperis*. Pursuant to Local Rule 4.07(a), the Clerk dockets, assigns

---

[1] Section 1915A of 28 U.S.C. requires the district court to screen only prisoner's complaints. Nevertheless, the district court screens other complaints pursuant to 28 U.S.C. § 1915(e)(2) and Local Rule 4.07(a).

[2] In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

to a judge, and then transmits to the judge cases commenced *in forma pauperis*. The district court assigns to United States Magistrate Judges the supervision and determination of all civil pretrial proceedings and motions. Local Rule 6.01(c)(18). With respect to any involuntary dismissal or other final order that would be appealable if entered by a district judge, the United States Magistrate Judge may make recommendations to the district judge. *Id.* The Court may dismiss the case if satisfied that the action is frivolous or malicious under section 1915, or may enter such other orders as shall seem appropriate. Local Rule 4.07(a).

The Complaint in this case appears to be based upon a mortgage foreclosure proceeding, but Plaintiff does not provide any information regarding the case name or court in which it was litigated in. Doc. No. 1. If it was litigated in state court, then it may be precluded by the *Rooker-Feldman* doctrine. *See Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 415-16 (1923). "The *Rooker-Feldman* doctrine provides that federal courts, other than the United States Supreme Court, have no authority to review the final judgments of state courts." *Bey v. Ninth Judicial Circuit*, No. 6:11-cv-510-18DAB, 2011 WL 1791284, at *2. More information is needed regarding the factual basis for Plaintiff's claim for a determination of whether the *Rooker-Feldman* doctrine applies.

Ordinarily, a pro se party should be given one opportunity to file an amended complaint that states a claim within this Court's subject-matter jurisdiction on which relief could be granted. *Troville v. Venz*, 303 F.3d 1256, 1260 n.5 (11th Cir. 2002). In an amended complaint, Plaintiff must clearly allege the legal basis of the cause of action (whether a constitutional provision, treaty, statute, or common law), the state citizenship of the parties, and the amount in controversy. Plaintiff should not include argument in the amended complaint.

Even if the Complaint was adequately pleaded, the Application should still be denied. Plaintiff states in the Application that he receives annually $13,560 in social security and $12,200 from Kelly Educational Staffing. Doc. No. 2 at 1. The poverty guideline updated periodically in the Federal Register by the U.S. Department of Health and Human Services under the authority of 42 U.S.C. § 9902(2) for 2018 for a household of one is $12,140. U.S. Dep't of Health & Human Servs., https://aspe.hhs.gov/poverty-guidelines (last visited May 23, 2018). Considering Plaintiff's income is substantially above the Federal Poverty Guideline, under no reasonable standard can Plaintiff be considered a pauper. *See Clayton v. Merge*, 2007 WL 846627, at *1 (M.D. Penn. Mar., 19, 2007) (given the assets available, payment of the filing fee would not be an undue hardship on Plaintiff or deprive her of life's necessities).

Based on the forgoing, it is **RECOMMENDED** that the Court:

1. **DENY** the Application (Doc. No. 2);
2. **DISMISS** the case; and
3. Grant Plaintiff leave to file an amended complaint within a time established by the Court along with payment of the filing fee, with the warning that failure to file an amended complaint and pay the filing fee within the time permitted by the Court will result in dismissal of the case without further notice.

NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal

conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

    Recommended in Orlando, Florida, on June 26, 2018.

                                                                   _____
                                                                     GREGORY J. KELLY
                                                   UNITED STATES MAGISTRATE JUDGE

Copies to:

Presiding District Judge
Unrepresented party